The Chief Justice delivered the opinion of the court, as follows:
An application is made to us in this case for a mandamus to the Court of Common Pleas of the count)?- of Sussex, to reinstate an appeal.
The justice sent to the clerk of the court a transcript of the proceedings and judgment in the cause, duly certified under hand and seal, the certificate bearing date on the 20th day of February, 1826, one day prior to the term of the court next after the judgment. On the back of the transcript is an endorsement in the hand-writing of the justice, as follows: “February 21, 1826, -the defendant appeared and filed an affidavit, and produced bond, signed Wilhelmus Bennet and Isaac Carmer, and demanded an appeal, which I excepted and granted.
John Layton, Justice of Peace.”
At May term, 1826, the court, on motion of the appellee, dismissed the appeal because there was not sufficient evidence before the court of the demanding of the appeal.
We are of opinion the Court of Common Pleas did right in considering the endorsement on the transcript and the matters stated in it as not properly before them. It was no part of the transcript of the proceedings, entered according to the statute, by the justice on his docket, and which he was required to make and certify, and had made and certified, under his hand and seal. It was not made under permission given by the Court of Common Pleas to the justice to amend or complete his transcript. It was not made in'consequence of a rule of the court for a certificate of matters which the justice ought to have entered on his docket, but had omitted. Such permission and such rule that court *135 has authority to grant, at the instance of either party. And they are common in practice. In one or other of these modes the case ought to be brought before *tliat court. .But [*107 the endorsement in question is not sustained by either of them.
The dismissal of the appeal in this instance, by the Court of Common Pleas, might, at first view, seem to savor of rigor. But it is not so. It is the duty of tlio parties to take care that the proceedings are conformable to law. And it is only in a careful conformity to the law by the courts, whenever questions are presented before them, that either guide or safety can he found for them or for the parties.
Mandamus refused.